## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JORDAN WILSON,

                  Plaintiff,

    v.

AUTOWEB, INC., MICHAEL J. FUCHS, MATÍAS DE TEZANOS, MARK N. KAPLAN, JARED R. ROWE, JANET M. THOMPSON, and JOSÉ VARGAS,

                  Defendants.

Case No. _____

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

Plaintiff Jordan Wilson ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE AND SUMMARY OF THE ACTION

1.    This is a stockholder action brought by Plaintiff against AutoWeb, Inc. ("AutoWeb" or the "Company") and the members of AutoWeb's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell AutoWeb to affiliates of One Planet Group, LLC ("One Planet") (the "Proposed Transaction").

2.      On July 24, 2022, AutoWeb entered into an Agreement and Plan of Merger with Unity AC 1, LLC ("Parent") and Parent's wholly-owned subsidiary, Unity AC 2, Inc. ("Purchaser").  Parent and Purchaser are affiliates of One Planet.  Pursuant to the terms of the Merger Agreement, One Planet will acquire AutoWeb for $0.39 in cash per share of AutoWeb common stock, via a tender offer (the "Tender Offer").  Purchaser commenced the Tender Offer on August 3, 2022.  The Tender Offer is currently scheduled to expire at midnight (New York City time) on August 30, 2022.

3.      On August 3, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14d-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC.  Specifically, the Recommendation Statement, which recommends that AutoWeb stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (i) the financial projections for the Company; (ii) potential conflicts of interest faced by the financial advisor to the special committee ("Special Committee") of the Board, Houlihan Lokey Capital, Inc. ("Houlihan Lokey"); and (iii) the background of the process leading to the Proposed Transaction.

4.      The failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as AutoWeb stockholders need such information in order to make a fully informed decision in connection with the Tender Offer.

5.      The Tender Offer is currently scheduled to expire at midnight (New York City time) on August 30, 2022.  It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and AutoWeb's other shareholders to make an informed decision whether to tender their shares in the Tender Offer.  Therefore, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  AutoWeb's common stock trades on the Nasdaq Capital Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of shares of AutoWeb common stock.

10.      Defendant AutoWeb is a Delaware corporation, with its principal executive offices located at 400 North Ashley Drive, Suite 300, Tampa, Florida 33602.  AutoWeb's shares trade on the Nasdaq Capital Market under the ticker symbol "AUTO."

11.      Defendant Michael J. Fuchs has been Chairman of the Board and a director of the Company at all relevant times.

12.      Defendant Matías de Tezanos has been a director of the Company at all relevant times.

13.      Defendant Mark N. Kaplan has been a director of the Company at all relevant times.

14.     Defendant Jared R. Rowe has been President, Chief Executive Officer and a director of the Company at all relevant times.

15.     Defendant Janet M. Thompson has been a director of the Company at all relevant times.

16.     Defendant José Vargas has been a director of the Company at all relevant times.

17.     Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

18.     Founded in 1995, AutoWeb operates as a digital marketing company for the automotive industry in the United States.  The Company provides high-quality consumer leads, clicks and associated marketing services to automotive dealers and manufacturers.  AutoWeb also provides consumers with robust and original online automotive content to help them make informed car-buying decisions.

**The Proposed Transaction**

19.     On July 25, 2022, AutoWeb announced that it had entered into the Proposed Transaction, stating, in relevant part:

TAMPA, Fla., July 25, 2022 -- AutoWeb, Inc. (Nasdaq: AUTO) ("AutoWeb" or the "Company"), an automotive matchmaking platform connecting in-market car shoppers to their preferred vehicle transactions, announced that it has entered into a definitive merger agreement to be acquired by a subsidiary (the "Purchaser") of One Planet Group, LLC ("One Planet Group"), under which the Purchaser will pay a cash purchase price of $0.39 per share of AutoWeb. Payam Zamani, One Planet Group's CEO, will assume the role of President and CEO of AutoWeb, Inc., and Jared Rowe will transition out of the business.

"Not many founders get the opportunity to return to a company that they helped create. AutoWeb has been a pioneer in the online automotive industry and in many ways directly influenced its evolution," stated Payam

Zamani, CEO of One Planet Group. "It is now time for the company to experience an evolution to prepare for the challenges and the opportunities in the automotive industry of tomorrow."

The acquisition, which has been approved by the Company's Board of Directors, based on the recommendation of a Special Committee of the Board consisting of independent, disinterested directors, is structured as a two-step merger, with the first step being a tender offer for all issued and outstanding shares of AutoWeb by the Purchaser and the second step being a merger in which any shares of AutoWeb that were not tendered in the tender offer would be converted into the right to receive the same cash price per share as stockholders who tendered in the tender offer. The factors considered by the Special Committee and the Board are further described in the Current Report on Form 8-K filed by the Company on the date of this release. The parties have agreed to commence the tender offer by August 1, 2022.

The closing of the tender offer and acquisition are subject to customary closing conditions and other terms and conditions detailed in the merger agreement. The merger is expected to close by September 16, 2022.

## The Materially Incomplete and Misleading Recommendation Statement

20.     On July 25, 2022, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC.  The Recommendation Statement, which recommends that AutoWeb stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial projections for the Company; (ii) potential conflicts of interest faced by the financial advisor to the Special Committee, Houlihan Lokey; and (iii) the background of the process leading to the Proposed Transaction.

### *Material Misrepresentations and/or Omissions Concerning the Financial Projections for the Company*

21.     The Recommendation Statement fails to disclose material information concerning the financial projections for the Company.

22.     For example, the Recommendation Statement fails to disclose a summary of the "financial projections prepared by the management of the Company relating to the Company's

weekly cash flow forecast through the week ending September 30, 2022" that were relied upon by Houlihan Lokey in connection with its fairness opinion. Recommendation Statement at 26.

23.     The Recommendation Statement similarly fails to disclose a summary of the "financial projections prepared by the management of the Company relating to the future financial performance of the Company assuming the Company would be able to obtain financing on terms satisfactory to the Company and in an amount sufficient to fund the Company's operations[.]" *Id.* at 27.

24.     In addition, the Recommendation Statement fails to disclose a summary of the liquidation analysis prepared by Company management, including the underlying assumptions.

*Material Misrepresentations and/or Omissions Concerning Houlihan Lokey's Potential Conflicts of Interest*

25.     The Recommendation Statement fails to disclose material information concerning potential conflicts of interest faced by Houlihan Lokey.

26.     For example, the Recommendation Statement fails to disclose the details of any services Houlihan Lokey provided to AutoWeb or One Planet, and their respective affiliates, in the two years preceding the date of its fairness opinion and the amount of compensation Houlihan Lokey has received for such services provided.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

27.     The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

28.     Specifically, the Recommendation Statement fails to disclose the terms of the non-disclosure agreements the Company entered into with parties during the process leading up to the Proposed Transaction, including whether any non-disclosure agreements contain a "don't-ask,

don't-waive" standstill provision that is still in effect and presently precluding a party submitting

a topping bid for the Company.

29.     In sum, the omission of the above-referenced information renders statements in the

"Opinion of Financial Advisor to the AutoWeb Special Committee" and "Background of the Offer

and the Merger" sections of the Recommendation Statement materially incomplete and misleading

in contravention of the Exchange Act.  Absent disclosure of the foregoing material information

prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of AutoWeb will

be unable to make a sufficiently informed decision in connection with the Tender Offer and are

thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the
Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

30.     Plaintiff repeats all previous allegations as if set forth in full.

31.     Defendants have caused the Recommendation Statement to be issued with the

intention of soliciting AutoWeb stockholders to tender their shares in the Tender Offer.

32.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder

require full and complete disclosure in connection with tender offers.

33.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or
reject a tender offer or request or invitation for tenders shall be made in accordance
with such rules and regulations as the Commission may prescribe as necessary or
appropriate in the public interest or for the protection of investors.

34.     SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in
section 14(d)(1) of the Act with respect to a tender offer for such securities shall
include the name of the person making such solicitation or recommendation and

the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101)
or a fair and adequate summary thereof[.]

35.    Item 8 of Schedule 14d-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

36.    The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

37.    Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

38.    The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of AutoWeb, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

39.    Plaintiff repeats all previous allegations as if set forth in full.

40.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

41.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to AutoWeb stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning the financial projections for the Company, potential conflicts of interest faced by Houlihan Lokey and the background of the Proposed Transaction.

42.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer.

43.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

44.     Plaintiff repeats all previous allegations as if set forth in full.

45.     The Individual Defendants acted as controlling persons of AutoWeb within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of AutoWeb, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Recommendation Statement.

48.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

49.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, AutoWeb stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of AutoWeb, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated:  August 10, 2022                                        **ACOCELLI LAW, PLLC**


                                          By   /s/ *Richard A. Acocelli*
                                             Richard A. Acocelli
                                             33 Flying Point Road, Suite 131
                                             Southampton, NY 11968
                                             Tel: (631) 204-6187
                                             Email: racocelli@acocellilaw.com

                                             *Attorneys for Plaintiff*